UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL BOONE,<br><br>        Plaintiff,<br><br>    vs.<br><br>CSP CORCORAN WARDEN, et al.,<br><br>        Defendants. | **1:19-cv-01232-JLT-GSA-PC**<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT VEGA SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE**<br>**(ECF No. 26.)**<br><br>**THIRTY DAY DEADLINE** |

**I.      RELEVANT PROCEDURAL HISTORY**

Emanuel Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 6, 2019.  (ECF No. 1.)  This action now proceeds with the First Amended Complaint filed on October 5, 2020, against defendants J. Burnes, D. Tapia, J. Flores, K. Brandon, C. Dowdy, N. Blanco, and E. Vega ("Defendants") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 13.)

On January 5, 2022, the court issued an order directing the United States Marshal ("Marshal") to serve process upon Defendants.  (ECF No. 20.)  On March 2, 2022, the Marshal filed a return of service unexecuted as to Defendant E. Vega, indicating that the Marshal was unable to locate Defendant Vega for service of process.  (ECF No. 26.)

1

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

### *Background*

The return of service filed by the Marshal on March 2, 2022, indicates that on March 2, 2022, "Per LtCo at Corcoran, E. Vega never worked at Corcoran [State Prison]." (ECF No. 26.) The Marshal certified that he or she was unable to locate Defendant E. Vega, and made a notation, "More information needed. Returning unexecuted." (Id.)

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why defendant E. Vega should not be dismissed from this action for failure to serve process. Plaintiff has not provided sufficient information to identify and locate defendant E. Vega for service of process. If Plaintiff is unable to provide the Marshal with additional information, defendant E. Vega shall be dismissed from this action.

///

///

### III.   CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why defendant E. Vega should not be dismissed from this action pursuant to Rule 4(m); and

2. Plaintiff's failure to respond to this order may result in the dismissal of defendant E. Vega or dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:   **March 14, 2022**                       **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE