UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL BOONE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CSP CORCORAN WARDEN, et al.,<br><br>　　　　Defendants. | **1:19-cv-01232-JLT-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PREMATURE**<br>**ECF Nos. 41, 46.)** |

## I.       BACKGROUND

Emanuel Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 6, 2019.  (ECF No. 1.)  This case now proceeds with the First Amended Complaint filed on October 5, 2020, against defendants Burnes, Tapia, Flores, Brandon, Dowdy, Blanco, and Vega for use of excessive force in violation of the Eighth Amendment.  (ECF No. 13.)

On April 18, 2022, the court issued a Discovery and Scheduling Order setting out pretrial deadlines for the parties (ECF No. 32), and on July 8, 2022, the court issued an Amended Discovery and Scheduling Order, (ECF No. 39).  On October 14, 2022, the Court granted Plaintiff's motion to modify the scheduling order extending deadlines for all parties.  (ECF No. 44.)  The current deadline for completing discovery, including the filing of motions to compel, is April 7, 2023, and the current deadline for filing dispositive motions is June 9, 2023.  (Id.)

On September 22, 2022, Plaintiff filed a motion to compel.  (ECF No. 41.)  On October 14, 2022, Defendants filed an opposition to the motion.  (ECF N0. 45.)  On November 7, 2022, Plaintiff filed a reply to the opposition.  (ECF No. 46.)

Plaintiff's motion to compel is now before the court.

## II.    MOTION TO COMPEL

### A.    Legal Standards

The Federal Rules of Civil Procedure govern discovery in this civil action.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Id. (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);

<u>Womack v. Virga</u>, No.CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3; <u>Mitchell v. Felker</u>, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  <u>Id</u>.  However, the court is vested with broad discretion to manage discovery and notwithstanding these procedures, and Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the court endeavors to resolve his motion to compel on its merits.  <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett</u>, 296 F.3d at 751.

       **B.**    **<u>Parties' Positions</u>**

       Plaintiff requests production of any and all discipline and personnel complaint records, and any previous suits filed against all named Defendants.

       Defendants respond that they have not received any discovery requests from Plaintiff, thus Defendants argue that Plaintiff's motion should be denied because he is seeking an order compelling Defendants to produce documents they have not yet been asked to produce.

       **C.**    **<u>Discussion</u>**

       Plaintiff submits no evidence that he served a request for production of documents on Defendants requesting the documents he is requesting, and Defendants assert that they have not received any discovery requests from Plaintiff.  Accordingly, the Court will deny Plaintiff's motion to compel as premature because he has not yet served Defendants with a request for production of documents before filing the motion to compel.  Plaintiff's motion shall be denied without prejudice to renewal of the motion when appropriate at a later stage of the proceedings.

       Plaintiff is advised that any future motion to compel must individually analyze each discovery request and response and set forth arguments to explain how Defendants' objections to each request are improper. Plaintiff's motion to compel must notify Defendants how each response is deficient. Specifically, the motion to compel must: 1) set forth each disputed request

exactly as Plaintiff phrased it in his original request, 2) set forth Defendants' response exactly as Defendants phrased it in their original response, and 3) address each objection made by Defendants and explain how each objection is improper.  Plaintiff may not raise new arguments for the first time in his reply brief, and may not simply file a motion to compel that identifies the discovery requests in dispute and provide vague and general conclusions regarding the inadequacy of Defendants' responses.

As the moving party, Plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and, for *each* disputed response, why Defendants' objection is not justified.  Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied with Defendants' objections, and that he wants an order compelling responses.

For these reasons, Plaintiff's motion to compel shall be denied as premature, without prejudice to renewal of the motion at a later stage of the proceedings.

## III.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel, filed on September 22, 2022, is DENIED as premature, without prejudice to renewal of the motion at a later stage of the proceedings.

IT IS SO ORDERED.

Dated:   __**November 17, 2022**__                  _____**/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

4