UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL BOONE,<br><br>        Plaintiff,<br><br>    vs.<br><br>CSP CORCORAN WARDEN, et al.,<br><br>        Defendants. | **1:19-cv-01232-JLT-GSA-PC**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 48.)**<br><br>**ORDER EXTENDING DEADLINES FOR ALL PARTIES**<br><br>**<u>New Discovery Deadline</u>:**<br>**May 5, 2023**<br><br>**<u>New Deadline to File Dispositive Motions</u>:**<br>**July 7, 2023** |

**I.      BACKGROUND**

Emanuel Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 6, 2019.  (ECF No. 1.)  This case now proceeds with the First Amended Complaint filed on October 5, 2020, against defendants Burnes, Tapia, Flores, Brandon, Dowdy, Blanco, and Vega ("Defendants") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 13.)

On April 18, 2022, the court issued the Discovery and Scheduling Order setting out pretrial deadlines for the parties, (ECF No. 32), and on July 8, 2022, the court issued an Amended

Discovery and Scheduling Order, (ECF No. 39). On October 14, 2023, the Court granted Plaintiff's motion to modify the scheduling order. (ECF No. 44.)

The current deadline for completing discovery, including the filing of motions to compel, is April 7, 2023; and the current deadline for filing dispositive motions is June 9, 2023. (ECF No. 44.)

On April 7, 2023, Defendants filed a motion to extend the deadlines in the Scheduling Order. (ECF No. 48.)

## II.   MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court finds good cause to extend the deadlines in the Court's Amended Discovery and Scheduling Order. Therefore, Defendants' motion to modify the Scheduling Order shall be granted.

## III.   CONCLUSION

Based on the foregoing and good cause appearing, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to modify the Court's Amended Scheduling Order, filed on April 7, 2023, is GRANTED;
2. The deadline for completing discovery, including the filing of motions to compel, is extended from April 7, 2023 to **May 5, 2023** for all parties to this action;
3. The deadline for filing dispositive motions is extended from June 9, 2023 to **July 7, 2023** for all parties to this action; and

3. All other provisions of the court's July 8, 2022 Amended Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **April 10, 2023**          **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE