UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL BOONE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CSP CORCORAN WARDEN, et al.,<br><br>　　　　　Defendants. | **1:19-cv-01232-JLT-GSA-PC**<br><br>**ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL**<br><br>**DEADLINE: <u>AUGUST 22, 2023</u>** |

**I.   BACKGROUND**

Emanuel Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed on October 5, 2020, against defendants Burnes, Tapia, Flores, Brandon, Dowdy, Blanco, and Vega ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF Nos. 13,19.)

On April 18, 2022, the court issued the Discovery and Scheduling Order setting out pretrial deadlines for the parties, including a discovery deadline of September 18, 2022, and a dispositive motion filing deadline of November 18, 2022. (ECF No. 32.) On April 10, 2023, the deadlines were extended to May 5, 2023 and July 7, 2023, respectively. (ECF No. 49.) All of the deadlines have now expired, and no dispositive motions have been filed. No other motions are pending.

At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

## II.     SETTLEMENT PROCEEDINGS

The Court is able to refer cases for mediation before a participating United States Magistrate Judge.  Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California.  Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[1]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference.  If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that **on or before August 22, 2023**, Plaintiff and Defendants shall each file a written response to this order notifying the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[2]

IT IS SO ORDERED.

Dated:   **July 31, 2023**                               **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1]  The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[2]  The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.