**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMANUEL BOONE,<br><br>    Plaintiff,<br><br>    v.<br><br>CSP CORCORAN WARDEN, et al.,<br><br>    Defendant. | Case No.: 1:19-cv-1232 JLT GSA (PC)<br><br>ORDER DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Emanuel Boone is a state prisoner, and he asserts that the defendants violated his civil rights under the Eight Amendment while Plaintiff was incarcerated at Corcoran State Prison. (*See generally* Doc. 13.) Because Plaintiff failed to prosecute the action and failed to comply with the Court's order, the action is **DISMISSED** with prejudice.

**I.      Relevant Background**

Plaintiff seeks to hold defendants Burnes, Tapia, Flores, Brandon, Dowdy, Blanco, and Vega, for use of excessive force in violation of the Eighth Amendment. (*See* Docs. 13, 19.) The matter is now ready for trial, and Plaintiff was ordered to file a pretrial statement no later than January 4, 2024, in advance of the pretrial conference set for March 4, 2024. (Doc. 53 at 1, 6.) Plaintiff was informed the "failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action…." (*Id.* at 5.)

Plaintiff failed to file a pretrial statement, after which the Court ordered Plaintiff "to show cause at the March 4 hearing in this matter why this case should not be dismissed for failure to prosecute and failure to comply with a Court order." (Doc. 59.) However, Plaintiff did not appear at the conference on March 4, 2024. (Doc. 60.) P. Williams, the Litigation Coordinator at Corcoran state prison, notes that Plaintiff was scheduled to appear remotely for the pretrial conference, but when an officer went to Plaintiff's cell to escort him to the conference, Plaintiff "refused to leave his cell." (Doc. 61-1 at 2, Williams Decl. ¶ 3.) As a result, Plaintiff did not appear at the conference or respond to the Court's order to show cause.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A.     Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the

1 Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*,
2 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always
3 favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in
4 managing their dockets without being subject to noncompliant litigants). This Court cannot, and will
5 not hold, this case in abeyance where Plaintiff fails to comply with the Court's order, refuses to appear
6 at a hearing, and fails to continue prosecution of his claims. *See Morris v. Morgan Stanley & Co.*, 942
7 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable
8 pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of
9 dismissal of the action.

### B.  Prejudice to Defendants

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The Ninth Circuit observed, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1228 (9th Cir. 2006). Plaintiff did not take action to further the prosecution of his claims, despite being ordered by the Court to a pretrial statement. Therefore, this factor weighs in favor of dismissal of the action.

### C.  Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

In the scheduling order, the Court warned Plaintiff that "failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action." (Doc. 53 at 5.) Again, the Court clearly indicated terminating sanctions may be imposed in its order to Plaintiff to show cause why the action should not be dismissed. (Doc. 59.) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warnings satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.   Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV.   Conclusion and Order

Plaintiff failed to comply with the Court's orders and failed to continue prosecution of his claim with his refusal to respond to appear at the pretrial conference. Plaintiff also failed to respond to the Court's order to show cause at the pretrial hearing due to his refusal to appear. For these reasons and because it appears that Mr. Boone has abandoned this litigation, the Court finds terminating sanctions are appropriate. Thus, the Court **ORDERS**:

1. This action is **DISMISSED** with prejudice.
2. The Clerk of Court is **DIRECTED** to close the action.

IT IS SO ORDERED.

Dated:   **March 7, 2024**

UNITED STATES DISTRICT JUDGE

4